**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108801

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>Defendant. | Docket No: **'15CV0934 L    WVG**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BABETTE MILLER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARS NATIONAL SERVICES, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of California.

## PARTIES

5.      Plaintiff is an individual who is a citizen of the State of New York.

6.      Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.      On information and belief, Defendant's principal place of business is located in Escondido, California.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.      Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.      Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.      At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.      In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

14.      Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

15.      As set forth in the following Counts, Defendant's communication violated the FDCPA and The Rosenthal Act.

## FIRST COUNT
**Violation of 15 U.S.C. § 1692g**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

20. Even if a debt collector conveys the required information, the collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

21. When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

22. Merely naming the creditor without identifying it as the current creditor is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23. Here, Defendant's letter fails to indicate the creditor to whom the debt is owed.

24. Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

28. Collection notices are deceptive if they can be reasonably read to have two or more

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

3

different meanings, one of which is inaccurate.

29.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

30.    For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

31.    Here, as described above, Defendant's letter failed to clearly and accurately identify the "creditor to whom the debt is owed."

32.    The "least sophisticated consumer" would likely be deceived by Defendant's conduct.

33.    The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

34.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
### Violation of the Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

35.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

37.    Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

38.    Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

39.    Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

40.    California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

41.    California Civil Code § 1788.30 also provides for actual and statutory damages, as

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

4

well as the award of reasonable attorney's fees.

42.     California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

43.     Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

## JURY DEMAND

44.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.     Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.     Damages against Defendant pursuant to The Rosenthal Act §1788.30.

d.     Plaintiff's costs; together with

e.     Such other relief that the Court determines is just and proper.

DATED: April 24, 2015

**BARSHAY SANDERS PLLC**

By:  _/s/ Craig B. Sanders _____
Craig B. Sanders, Esq. [Cal. Bar. No. 284397]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108801